JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Michael DiGiulio | |
| Leah M. Seliger | |

July 22, 2026

**VIA ECF**

Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  ***Shahriar v. Mianor Restaurant Group, LLC,***
>       **No.: 26-cv-1589 (S.D.N.Y.)**

Dear Judge Vargas,

We represent Plaintiffs Salim Shahriar and Juan Coronado in the above referenced matter. We write to respectfully request that the Court: (1) grant Plaintiffs' unopposed motion for conditional certification of a Fair Labor Standards Act ("FLSA") collective, which was filed on June 11, 2026; (2) order Defendants to produce a list of putative collective members' names and last known addresses, e-mail addresses, and telephone numbers within one week of the entry of this Court's order granting conditional certification; and (3) order that the Court-annexed mediation in this matter be held in abeyance until after the conditional certification opt-in period expires.

**I.      The Court Should Grant Plaintiffs' Unopposed Motion for Conditional Certification**

By way of background, Plaintiffs filed their complaint in this action on February 25, 2026, alleging claims of illegal deductions from gratuities under the FLSA and various wage and hour claims under the New York Labor Law. *See* ECF Dkt No.1 (Compl.). After Defendants filed their answer, *see* ECF Dkt No. 15, Plaintiffs moved to conditionally certify an FLSA collective on June 11, 2026, *see* Dkt Nos. 17-20. Specifically, Plaintiffs requested that the Court: (1) conditionally certify a collective consisting of all non-exempt service employees employed by Defendants on or after February 25, 2023; (2) order Defendants to produce identifying information for potential opt-in Plaintiffs to facilitate the dissemination of notice (names and last known addresses, e-mail addresses, and telephone numbers); and (3) approve Plaintiffs' notices and plan of notice. *See* ECF Dkt No. 18 (Mem.) at 1, 6-11.

As of the date of this letter, Defendants have failed to oppose or otherwise respond to Plaintiffs' motion for conditional certification. *See generally* ECF Dkt. Nor have Defendants

sought any extension of time to file such opposition or response. *See generally id.* Accordingly, as Defendants' response or opposition was due within 14 days after service of Plaintiffs' June 11 motion, *see* Local Civ. R. 6.1(b), the Court should deem Plaintiffs' motion unopposed and grant the motion for all the reasons set forth in Plaintiffs' memorandum of law. *See* ECF Dkt No. 18. In addition, to facilitate the dissemination of notice, the Court should direct Defendants to produce, no later than one week after this Court's order, a list of all potential opt-in Plaintiffs' names, last known addresses, last known e-mail addresses, and last known telephone numbers. *See* ECF Dkt No. 18 at 10-11 (requesting the production of such information).

**II.      The Court Should Adjourn the Court-Annexed Mediation Until After the FLSA Conditional Certification Notice Period Expires**

On May 27, 2026, the Court referred this matter for Court-annexed mediation. *See* ECF Dkt No. 16. A mediator was appointed on June 12, 2026. *See* ECF entry at 6/12/2026. On June 23, the parties held a scheduling call with the mediator, during which counsel for Defendants suggested the possibility of: (1) Defendants stipulating to FLSA conditional certification; and then (2) holding the mediation after the FLSA notice period. The session broke with the understanding that Defendants' counsel would revert to Plaintiffs and the mediator to inform them whether Defendants would stipulate to FLSA conditional certification, which would affect scheduling of the mediation. To date, Defendants' counsel has not responded despite multiple requests, thus preventing the scheduling of the Court-annexed mediation.

Plaintiffs respectfully request that the Court adjourn the mediation and order that it be scheduled to take place within 30 days after the expiration of the FLSA notice period. This will permit other potential opt-in Plaintiffs to join the case if they so choose and allow the parties to know the full scope of the case prior to the mediation.

We thank the Court for its attention to this matter.

Respectfully submitted,

s/ *Lucas C. Buzzard*

Lucas C. Buzzard
**JOSEPH & KIRSCHENBAUM LLP**
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640