UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
SALIM SHAHRIAR and JUAN CORONADO, on                               :
behalf of themselves and others similarly                          :
situated,                                                          :
                                                                   :
                                        Plaintiffs,                :        26-CV-01589 (JAV)
                                                                   :
              -v-                                                  :        OPINION AND ORDER
                                                                   :
MIANOR RESTAURANT GROUP, LLC d/b/a                                 :
LATITUDE 39, and NOUREDDINE ACHBANI,                               :
                                                                   :
                                        Defendants.                :
                                                                   :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On February 25, 2026, Salim Shahriar ("Shahriar") and Juan Coronado

("Coronado") (collectively, "Plaintiffs") filed this putative collective action under the

Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against

Defendants Mianor Restaurant Group, LLC d/b/a Latitude 39 ("Mianor") and

Noureddine Achbani ("Achbani") (collectively, "Defendants").  ECF No. 1

("Complaint" or "Compl.").  Plaintiffs bring several causes of action on behalf of

themselves and putative collective members, including a claim that Defendants

retained and misappropriated gratuities in violation of the FLSA.  *Id.*, ¶¶ 39-42.

Plaintiffs now move the Court to (1) conditionally certify a collective action

pursuant to the FLSA, 29 U.S.C. § 216(b), (2) compel Defendants to produce certain

identifying information about potential opt-in plaintiffs, and (3) approve Plaintiffs'

proposed notices and plan of notice.  ECF No. 17 (the "Motion"); ECF No. 18

("Mem.") at 1.  The Motion is unopposed.  For the reasons that follow, the Motion is **GRANTED**.

## BACKGROUND

Mianor is a New York company that owns and operates Latitude 39, a restaurant located in New York, New York.  Compl., ¶ 1.  Achbani is a co-owner of Latitude 39 and actively manages the restaurant.  Accordingly, Achbani has authority to hire, fire, and set the terms of compensation for the employees.  *Id.*, ¶ 5.

Defendants employed Plaintiffs as servers.  Shahriar worked as a server at the restaurant from its opening in late 2024 until January 2026.  *Id.*, ¶ 6.  Coronado worked as a server at the restaurant from November 2024 until March 2025.  *Id.*, ¶ 7.

Shahriar alleges that during his employment he, and other employees, were required to share tips.  ECF No. 20 ("Shahriar Decl."), ¶ 4.  Each night, all servers, runners, waiters, and bartenders participated in a tip pool to divide their tips.  *Id.*, ¶ 5.  The pool generally consisted of 6-7 employees.  *Id.*  On nights when the restaurant's general manager, Mehdi, bartended, he too would participate in the tip pool.  *Id.*, ¶ 6.  This took place approximately 3 nights per week.  *Id.*

Mehdi was the restaurant's general manager in both name and practice. Mehdi was referred to as the general manager by both the front of house service team and by himself to the public.  *Id.*, ¶ 13.  Each week Mehdi created the schedule, posted it in the kitchen, and sent it to service staff by WhatsApp.  *Id.*, ¶ 7.

When Shahriar needed time off, he asked Mehdi, who could grant or reject the request. *Id.*, ¶ 8. Shahriar additionally witnessed other employees requesting time off from Mehdi. *Id.*, ¶ 9. Mehdi also interviewed and hired Shahriar. *See id.*, ¶ 10. Finally, Shahriar was informed that Mehdi played a role in his termination and fired two other employees. *Id.*, ¶ 11-12.

## DISCUSSION

### A.    Conditional Certification of Collective Action

The FLSA allows employees to bring a suit on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). In contrast to a class action brought under Federal Rule of Civil Procedure 23, FLSA collective actions need not satisfy a showing of numerosity, typicality, commonality, or representativeness to obtain certification. *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005). Potential plaintiffs are "similarly situated" and may join the collective "to the extent they share a similar issue of law or fact material to the disposition of their [FLSA] claims." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 516 (2d Cir. 2020). For collective actions, "only potential plaintiffs who opt in by filing written consents to join the collective action can be bound by the judgment or benefit from it." *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12-CV-08629 (KPF), 2013 WL 5211839, at *2 (S.D.N.Y. Sept. 16, 2013) (cleaned up).

Plaintiffs seek to conditionally certify a collective action as to all individuals who were employed at the Latitude 39 restaurant as service employees (servers, runners, waiters, or bartenders) on or after February 25, 2023. Mem. at 10; ECF

No. 19-2 at 2.  Based upon the record presented, the Court grants the motion for conditional certification of the collective action pursuant to 29 U.S.C. § 216(b).

### 1.   Victims of a Common Unlawful Policy or Plan

The Second Circuit has "endorsed a two-step process for certifying FLSA collective actions based on the 'similarly situated' requirement." *Scott*, 954 F.3d at 515 (citation omitted).  In the first step, the current stage of this litigation, "the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." *Id.* (citation omitted).  At the second step, following the completion of discovery, "the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Id.* (citation omitted); *accord Myers v. Hertz Corp.*, 624 F.3d 537, 555.

When determining initial certification in the pre-discovery stage, "courts employ a relatively lenient evidentiary standard." *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007); *see also Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (holding that the "burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage").  "A showing that plaintiffs themselves were subjected to certain wage and hour practices . . . and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed collective"

satisfies the plaintiffs' burden. *Munoz v. The Group US Mgmt. LLC*, 348 F.R.D. 192, 201 (S.D.N.Y. 2025) (cleaned up).

Nonetheless, "while a plaintiff's burden of proof is low, it is not non-existent—certification is not automatic." *Sanchez v. JMP Ventures, LLC*, No. 13-CV-07264 (KBF), 2014 WL 465542, at *1 (S.D.N.Y. Jan. 27, 2014) (cleaned up). Plaintiffs cannot "present only conclusory allegations that similarly situated employees exist" and successfully obtain conditional certification. *Han v. Madison Ave. Realties, LLC*, No. 22-CV-00382 (LJL), 2022 WL 2609003, at *3 (S.D.N.Y. July 8, 2022) (citation omitted). Still, "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Mata v. Foodbridge LLC*, No. 14-CV-08754 (ER), 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015) (citation omitted); *see also Zhang v. Four Seasons Beauty Spa Inc.*, No. 18-CV-08259 (GHW), 2019 WL 13414974, at *2 (S.D.N.Y. Sept. 13, 2019) ("[C]onditional certification may be granted based on the complaint and a plaintiff's own affidavit.").

Plaintiffs have made the modest factual showing that they and others together were victims of a common policy or plan that violated the law. The Complaint alleges that Plaintiffs and others were all subject to Defendants' policy and practice of requiring tipped employees to share gratuities with a manager. Compl., ¶¶ 23-25. Such a policy and practice is unlawful. *See* 29 U.S.C. § 203(m)(2)(B) ("An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of

5

employees' tips, regardless of whether or not the employer takes a tip credit."). The allegations regarding Defendants' tipping policy and practice are corroborated by Shahriar's attestations that approximately three nights a week the restaurant's general manager Mehdi participated in the mandatory tip-pool. Shahriar Decl., ¶¶ 5-6. Accordingly, "[e]ven if [Mehdi was] involved in service, [his] managerial role would preclude participation in the tip pool." *Mangahas v. Eight Oranges Inc.*, 754 F. Supp. 3d 468, 504 (S.D.N.Y. 2024); *see also Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002) ("[T]he practice of forced sharing of tips with management is such an illegal practice, regardless whether or not the members of management were engaged in restaurant services that could be the subject of tipping."). Moreover, "because any distribution from the pool affects all participants, the members of the [proposed] collective must have been subject to a common policy or practice if any tips were improperly distributed from the pool." *Uddin v. O'Brien Rest. Holding Co., LLC*, No. 16-CV-02098 (RJS), 2016 WL 11779533 at *3 (S.D.N.Y. Nov. 22, 2016). Plaintiffs are therefore entitled to conditional collective certification.

## 2.    Plaintiffs' Proposed Notices and Plan of Notice

The form, content, and distribution procedures of the notice to potential opt-in plaintiffs are committed to the broad discretion of the Court. *See, e.g., Elmajdoub v. MDO Dev. Corp.*, No. 12-CV-05239 (NRB), 2013 WL 6620685, at *4 (S.D.N.Y. Dec. 11, 2013). When exercising this broad discretion, district courts consider "[t]he overarching policies of the FLSA's collective suit provisions [which]

require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 664 (S.D.N.Y. 2017) (cleaned up).  An FLSA collective action notice should generally contain:

> (1) the purpose of the notice; (2) the nature of the lawsuit filed and the relief being sought; (3) the proposed class composition; (4) the legal effect of joining the lawsuit; (5) the fact that the court has not taken any position regarding the merits of the lawsuit; (6) how to join the lawsuit; (7) the purely voluntary nature of the decision and the legal effect of not joining the lawsuit; (8) the prohibition against retaliation; and (9) the relevant contact information for any inquiries.

*Munoz v. Group US Mgmt. LLC*, 348 F.R.D. 192, 207 (S.D.N.Y. 2025) (citation omitted).  Here, the proposed Notice of Pendency of Lawsuit, ECF No. 19-2, includes all of those components.  *See id.* at 2-4.  Accordingly, the Court approves the proposed notice.

In addition, Plaintiffs propose to notify putative collective members through a Proposed Text Notice, ECF No. 19-3, that will contain an internet address where the Notice of Pendency of Lawsuit will be posted and available for review and download.  Mem. at 10.  In determining the suitability of notice, courts are "guided by the goals of notice:  to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Martinenko v. 212 Steakhouse Inc.*, No. 22-CV-00518 (LJL), 2022 WL 1227140, at *5 (S.D.N.Y. Apr. 26, 2022) (citation

7

omitted).  Furthermore, several courts in this District have approved notice via text message.  *See, e.g.*, *id.*; *Hegazy v. Halal Guys, Inc.*, No. 22-CV-01880 (LGS), 2022 WL 4008237, at *4 (S.D.N.Y. Sept. 2, 2022).  Here, notice via text is appropriate to maximize awareness among potential plaintiffs without imposing undue burden. The Court therefore approves Plaintiffs' request to disseminate notice by text.

**B.      Discovery of Contact Information for Potential Opt-In Plaintiffs**

Plaintiffs seek production in Excel format of names, last known addresses, last known phone numbers, last known e-mail addresses, dates of employment, and position(s) held for those individuals.  Mem. at 11.  Courts in this district routinely require Defendants to produce contact information for prospective opt-in members following conditional certification of a collective action in order to "effectuate the FLSA's remedial purpose."  *Cheng Xia Wang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-00840 (VSB), 2018 WL 3155835, at *6 (S.D.N.Y. June 28, 2018) (citation omitted).  Since the discovery Plaintiffs seek would effectuate the FLSA's remedial purpose, the Court grants Plaintiffs' request for such discovery.

**CONCLUSION**

Accordingly, the motion for conditional collective certification is **GRANTED**. The collective action is conditionally certified pursuant to 29 U.S.C. § 216(b) as to all individuals who were employed at the Latitude 39 restaurant as service employees (servers, runners, waiters, or bartenders) on or after February 25, 2023. The Court further approves the distribution of the proposed notice of the FLSA collective action to all such employees via mail and email.  Additionally, Defendants

8

are **ORDERED** to produce to Plaintiffs the names, last known addresses, last known phone numbers, last known e-mail addresses, dates of employment, and position(s) held for all covered employees in Excel format.

The Clerk of Court is directed to terminate ECF No. 17.

SO ORDERED.

Dated:  July 28, 2026
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge