UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SALIM SHAHRIAR and JUAN CORONADO, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>MIANOR RESTAURANT GROUP, LLC d/b/a LATITUDE 39, and NOUREDDINE ACHBANI,<br><br>Defendant. | : | 26-CV-01589 (JAV)<br><br>ORDER |

JEANNETTE A. VARGAS, United States District Judge:

On July 28, 2026, the Court granted Plaintiffs Salim Shahriar and Juan Coronado's (collectively, "Plaintiffs") unopposed request that the Court compel Defendants Mianor Restaurant Group, LLC d/b/a Latitude 39 ("Mianor") and Noureddine Achbani ("Achbani") (collectively, "Defendants") to produce to Plaintiffs the names, last known addresses, last known phone numbers, last known e-mail addresses, dates of employment, and position(s) held for all covered employees in Excel format. ECF No. 22 ("July 28 Order") at 9. On August 12, 2026, Plaintiffs filed a motion seeking intervention and, again, requesting that the Court compel Defendants to produce the requested discovery. ECF No. 24 at 1. Plaintiffs represented that Defendants had failed to produce a list of putative Fair Labor Standards Act ("FLSA") collective members' names and contact information in accordance with the Court's July 28 Order, and had failed to respond to Plaintiffs' inquiries as to when to expect the discovery. *Id.*

The Court ordered Defendants to produce the requested discovery, in the manner required by the Court's July 28 Order, by September 7, 2026, and to show good cause in writing as to why they should not be held in contempt, pursuant to Federal Rules of Civil Procedure 37(b)(2), for their

failure to comply with the Court's July 28, 2026, Opinion and Order requiring the production of the requested discovery. ECF No. 25 at 1. In response, Defendants filed an Affirmation of Attorney Hugh Jasne. ECF No. 26.

"A district court has wide discretion to impose sanctions, including severe sanctions, under [Rule] 37." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). Pursuant to Rule 37, if a party fails to obey an order to provide or permit discovery, the Court may issue an order, *inter alia*, rendering a default judgment against the disobedient party or treating the failure to obey as contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A). In addition, the Court must order the disobedient party or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(A).

Jasne explained that the requested discovery has now been produced. He attributes the delay in providing discovery to a combination of factors, including that the requested information had to be compiled from payroll records and text messages into the required format. ECF No. 26 at 2. Further, Jasne explains that a factor in the delay was his recent personal loss, as well as resulting medical issues. *Id.* at 2-3.

Accordingly, the Court finds that sanctions, including an award of attorney's fees and costs, are not warranted, as circumstances would make an award of expenses unjust.

SO ORDERED.

Dated: September 22, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge